IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 2 5 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| RELIASTAR LIFE INSURANCE COMPANY OF NEW YORK, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 7:05cv00545 |
| v. | )<br>)<br>) |
| CHARLES LEMONE, et al., | ) By: Hon. Michael F. Urbanski<br>) United States Magistrate Judge |
| Defendants. | )<br>) |

## MEMORANDUM OPINION

This matter is before the court on ReliaStar Life Insurance Company of New York's ("ReliaStar") request for attorneys' fees, and defendants Charles LeMone and Charles Taylor's motion for payment of attorneys' fees and costs by the Estate of Christine LeMone ("LeMone Estate") and its executors.

### I.

This action arises out of a family feud over the beneficiaries named in an annuity policy, AN0002868, purchased by Christine Webb LeMone from ReliaStar in 1991. (See Docket No. 1, Ex. A) As the parties were unable to reach an agreement over the disbursement of the annuity funds, ReliaStar filed an interpleader action on August 30, 2005, alleging jurisdiction under 28 U.S.C. § 1335. (Docket No. 1) In its complaint and motion to interplead, ReliaStar requested that the court accept the annuity proceeds, plus interest, into its registry, and discharge ReliaStar from the action with its attorneys' fees and costs to be paid out of the interpleader funds. (See Docket Nos. 1, 29)

All non-dispositive pretrial motions and issues were referred to the undersigned on February 10, 2006, pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket No. 28) On March 16, 2006, the court entered a Memorandum Opinion and Order granting ReliaStar's motion to interplead and ordering ReliaStar to deposit the funds of annuity policy AN0002868, plus interest, into an interest-bearing account in the court's registry. (Docket Nos. 30, 31) After ReliaStar provided notice that such funds had been deposited into the court's registry, the court dismissed ReliaStar from this action. (Docket No. 36)

In its March 16, 2006 Order, the court deferred its ruling on the attorneys' fees issue until ReliaStar provided the court with an affidavit and attorneys' fees statement, as well as any supporting documentation for the fees and costs it claimed. (Docket No. 31) On March 28, 2006, ReliaStar submitted declarations and documentation of fees and costs associated with the interpleader action. (Docket No. 34) ReliaStar asserted the amount of fees and costs through February 28, 2006 totaled $13,794.79. (Docket No. 34)

Subsequent to this submission, defendants Charles LeMone and Charles Taylor filed a motion for payment of attorneys' fees and costs by the LeMone Estate and John Saunders and Adae LeMone as Estate executors. (Docket No. 38) Charles LeMone and Charles Taylor claim the LeMone Estate's objections to the payment of annuity funds led to the filing of this interpleader action, and but for its objections, the annuity funds would have been paid to Charles LeMone and Charles Taylor as designated beneficiaries to the annuity. (Docket No. 38, at 2) As a result, Charles LeMone and Charles Taylor argue the LeMone Estate, as well as its executors, should pay attorneys' fees and costs to ReliaStar, and to defendants Charles LeMone and Charles Taylor. (Docket No. 38, at 2)

2

## II.

Though there is no statutory authority to do so, courts often award costs, as well as attorneys' fees, to the stakeholder when an interpleader action is successful. Murphy v. Travelers Ins. Co., 534 F.2d 1155, 1164 (5th Cir. 1976); see Powell Valley Bankshares, Inc. v. Wynn, No. 2:01cv00079, 2002 U.S. Dist. Lexis 6314, at *4-5 (W.D. Va. Apr. 11, 2002). The theory behind such an award is that plaintiff, by seeking resolution of the multiple claims to the proceeds, benefits the claimants, and that plaintiff should not have to absorb attorneys' fees in avoiding the possibility of multiple litigation. Aetna Life Ins. Co. v. Outlaw, 411 F. Supp. 824, 826 (D. Md. 1976). A district court has the discretion to award attorneys' fees to a stakeholder in an interpleader action when it is fair and equitable to do so.[1] Jefferson Pilot Financial Ins. Co. v. Buckley, No. 3:04cv783, 2005 WL 221076, at *2 (E.D. Va. Jan. 13, 2005) (quoting Weber v. Rivanna Solid Waste Auth., 2001 U.S. Dist. LEXIS 19644, at *5-6 (W.D. Va. Nov. 27, 2001)).

Generally, such a fee will be relatively modest, in as much as all that is necessary to bring an interpleader action is the preparation of a petition, the deposit of the contested funds into the court, service on all the claimants, and the preparation of an order discharging the stakeholder.

---

[1] As statutory interpleader is a diversity action, there is controversy over whether state or federal law governs an award of attorneys' fees. 7 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1719 (3d ed. 2001). Fourth Circuit courts have provided no guidance as to which law governs an award of attorneys' fees under the federal interpleader statute. Lindsey v. Primerica Life Ins. Co., No. 1:00cv789, 2002 U.S. Dist. LEXIS 19530, at *3 (M.D.N.C. May 17, 2002). However, the majority of federal courts addressing this issue do not mention the question of state law but simply refer to the court's discretion or to traditional equity practice. Wright, Miller & Kane, supra, at § 1719. In this case, the question of whether state law or federal law governs the ability of the court to award attorneys' fees is irrelevant, as attorneys' fees and costs may be awarded in the court's discretion when fair and equitable under both Virginia and federal law. See, e.g., Schlegel v. Bank of America, 67 Va. Cir. 108 (2005).

3

7 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1719 (3d ed. 2001). The court may take into account a number of factors in deciding the amount of attorneys' fees to award: 1) whether the case is simple or involved; 2) whether the stakeholder performed any unique services for the claimants or the court; 3) whether the stakeholder acted in good faith and with diligence; 4) whether the services rendered benefitted the stakeholder; and 5) whether the claimants improperly protracted the proceedings. Wright, Miller & Kane, supra, at § 1719.

Although the usual practice is to tax fees and costs against the interpleader funds, the court may tax the losing claimant directly if the claimant's conduct justifies doing so. Prudential Ins. Co. of America v. Boyd, 781 F.2d 1494,1497-98 (11th Cir. 1986) (finding district court abused its discretion in awarding attorneys' fees directly against appellant when the record did not substantiate district court's finding of bad faith); In re The Kelly Group, 159 B.R. 472, 481 (Bankr. W.D. Va. 1993) ("This court believes, however, that such an award [of attorneys' fees taxed to the losing claimant] should be limited to cases in which the losing claimant is clearly guilty of bad faith or misconduct with respect to the interpleader action."); see also Wright, Miller & Kane, supra, at § 1719 (noting that using their discretion in allocating costs and fees, some courts have divided fees between parties, others have required the losing claimant to replenish the fund in the amount awarded for the stakeholder's fees, and still others have preserved the integrity of the fund by imposing costs and fees directly against a claimant whose conduct justifies doing so).

Some courts have denied an award of attorneys' fees in interpleader actions brought by insurance companies, suggesting that such fees are a part of their cost of doing business.

Travelers Indemnity Co. v. Israel, 354 F.2d 488, 490 (2d Cir. 1965) ("We are not impressed with the notion that whenever a minor problem arises in the payment of insurance policies, insurers may, as a matter of course, transfer a part of their ordinary cost of doing business to their insureds by bringing an action for interpleader."); see also Lewis v. Atlantic Research Corp., No. 98-0070H, 1999 U.S. Dist. LEXIS 13569, at *21-22 (W.D. Va. Aug. 30, 1999) (Wilson, J.); Metropolitan Life Ins. Co. v. Holding, 293 F. Supp. 854, 858 (E.D. Va. 1968); Wright, Miller & Kane, supra, at § 1719. Additionally, courts have declined to award attorneys' fees and costs where the amount of fees and costs claimed would significantly deplete the total fund at issue. Lewis, 1999 U.S. Dist. LEXIS 13569, at *22-23. As Judge Wilson quoted in Lewis:

> The remedy of interpleader should, of course, be a simple, speedy, efficient and economical remedy. Under ordinary circumstances there would be no justification for seriously depleting the fund deposited in court by a stakeholder through the allowance of large fees to his counsel. The institution of a suit in interpleader, including the depositing of the fund in the registry of the court and the procuring of an order for discharge of the stakeholder from further liability, does not usually involve any great amount of skill, labor or responsibility, and, while a completely disinterested stakeholder should not ordinarily be out of pocket for the necessary expenses and attorney's fees incurred by him, the amount should be modest.

Id. at *24 (quoting Hunter v. Federal Life Ins. Co., 111 F.2d 551, 557 (8th Cir. 1940)); see also Powell Valley Bankshares, 2002 U.S. Dist. LEXIS 6314, at *4-5.

### III

In this case, ReliaStar seeks an award of fees and costs totaling $13,794.79. (Docket No. 34) If granted, such an award would deplete the $28,456.91 in annuity proceeds and interest by nearly fifty percent (50%). Following Judge Wilson's ruling in Lewis, this court declines to

5

award attorneys' fees in an amount that would significantly drain the annuity funds at issue. Lewis, 1999 U.S. Dist. LEXIS 13569, at *23-25.

ReliaStar seeks reimbursement of fees and costs for both lead and local counsel. Molly C. Andresen of Halleland, Lewis, Nilan & Johnson, P.A., in Minneapolis, Minnesota, submitted a declaration and supporting documentation for her firm's claim of $7,247.94 in attorneys' fees and disbursements. Documents reveal six different timekeepers billed 43.2 hours on this case from August of 2005 to February of 2006. Additionally, Richard B. Rogers of McDermott, Will & Emery, L.L.P., in Washington, D.C., submitted a declaration and supporting documentation for his firm's role as local counsel. Local counsel claims a total of $6,546.85 in fees and expenses, representing 15.2 hours of billable time on this matter. The fees claimed in this case are far from modest.

In support of its claims for fees, ReliaStar argues the claimants in this case have needlessly complicated the interpleader process and forced ReliaStar to expend extra resources responding to defendants' baseless motions to dismiss and to transfer. (Docket No. 29) While defendants' motions somewhat complicate an ordinarily simple process, the nature of the work required in this case does not justify an award of $13,794.79 in fees and costs from seven timekeepers in two different firms.

Taking into account the other factors to be considered in determining an attorneys' fees award, see Wright, Miller & Kane, supra, at § 1719, ReliaStar has not provided any unique service to the claimant or the court. Additionally, while claimants may have protracted the proceedings by filing motions to dismiss and transfer, ReliaStar has not been needlessly entangled in the action to the extent that a fee award totaling half of the annuity funds is

warranted. Furthermore, while ReliaStar has proven it acted with good faith and diligence in bringing the action, the nature of an interpleader action inherently benefits the stakeholder. By bringing this interpleader suit, ReliaStar has saved itself a great deal in costs of defense, in anticipation of litigation involving claimants' competing claims to the annuity funds.

The court is unwilling to award such a hefty amount of attorneys' fees to ReliaStar. An attorneys' fee award, and the determination of any amount thereof, lies in the discretion of the court. The work required on this action simply does not justify the award sought by ReliaStar in this case. In fact, over twelve hours of time billed by the two firms was described as correspondence between lead and local counsel involving the case. The court awards ReliaStar the modest amount of $1,640.64 ($1,500.00 in fees plus $140.64 in costs) for lead counsel, and $1,242.85 ($500.00 in fees plus $742.85 in costs) for local counsel, for the work performed on this interpleader action. As Reliastar has offered no evidence of either claimant's bad faith, nor given any other reason to impose the fees directly against one claimant, these awards are to be paid from the interpleader funds.

## IV

Defendants Charles LeMone and Charles Taylor have filed a motion for payment of attorneys' fees and costs by the LeMone Estate and its executors to ReliaStar and defendants Charles LeMone and Charles Taylor. (Docket No. 38) The moving defendants claim the actions of the LeMone Estate have caused ReliaStar not to pay the proceeds of the annuity at issue to Charles LeMone and Charles Taylor as named beneficiaries, and have required unnecessary attorneys' fees to be incurred. (Docket No. 38) Accordingly, the defendants move the court to

7

Case 7:05-cv-00545-SGW-mfu   Document 39   Filed 04/25/06   Page 7 of 8   Pageid#: 286

order payment of all attorneys' fees and costs in this matter, incurred by both ReliaStar and by Charles LeMone and Charles Taylor, be made by the LeMone Estate and its executors.

The court declines to charge the LeMone Estate with attorneys' fees at this time. To date, there has been no evidence offered that the LeMone Estate's objections to the payment of the annuity proceeds were made in bad faith, or that the Estate otherwise deserves to be taxed with fees at this point in time. Furthermore, defendants Charles LeMone and Charles Taylor have not offered any evidence to suggest the circumstances of this case justify reimbursement of their attorneys' fees at this stage. For these reasons, the motion for fees by defendants Charles LeMone and Charles Taylor is denied.

A separate Order will be entered this day. The Clerk is directed to send certified copies of this opinion to all counsel of record.

Entered this 25th day of April, 2006.

_____
Michael F. Urbanski
United States Magistrate Judge

8